UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CROSBY MARINE TRANSPORTATION, LLC; CROSBY TUGS, L.L.C., *in personam*; the M/V MISS CROSBY; the M/V CROSBY HUNTER; BARGE CBC1274; and an UNNAMMED BARGE, *in rem*,<br><br>    Defendants. | Civil Action No. 2:23-cv-1353 |

### UNITED STATES OF AMERICA'S VERIFIED ADMIRALTY COMPLAINT

The United States of America, for its Verified Complaint against Crosby Marine Transportation, LLC and Crosby Tugs, L.L.C. (collectively "Crosby"), *in personam*, as well as the M/V Miss Crosby, the M/V Crosby Hunter, Barge CBC1274, and an unnamed Barge in tow, *in rem*, alleges as follows:

### Nature of the Action

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States brings this action against Crosby, the M/V Miss Crosby, the M/V Crosby Hunter, Barge CBC1274, and an unnamed Barge in tow to recover the costs of repairing damage to a navigational structure owned by the United States.

3. The United States asserts claims in this case under the general maritime law and the Rivers and Harbors Act (RHA), 33 U.S.C. §§ 401-476.

1

## Jurisdiction and Venue

4. The United States is authorized to file this suit pursuant to original jurisdiction conferred upon this Court by 28 U.S.C. § 1345.

5. This Court has jurisdiction over the subject matter and the parties in accordance with 28 U.S.C. §§ 1331, 1333, and 1345.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## Facts

7. Plaintiff United States is a sovereign nation authorized to sue under 28 U.S.C.§ 1345 (United States as Plaintiff). The United States Army Corps of Engineers is an agency of the United States.

8. The Calcasieu Lock is a navigation structure located on the Gulf Intercoastal Waterway, just east of the Calcasieu River in Calcasieu Parish, Lake Charles, Louisiana. The Calcasieu Lock is within the geographic boundaries of this District.

9. At all relevant times, the United States owned and operated, through the United States Army Corps of Engineers, the Calcasieu Lock.

10. At all relevant times, Crosby Marine Transportation, LLC and Crosby Tugs, L.L.C., Louisiana corporations, owned, operated, chartered, managed, or controlled the M/V Miss Crosby, the M/V Crosby Hunter, Barge CBC1274, and the unnamed Barge in tow. The M/V Miss Crosby, M/V Crosby Hunter, Barge CBC1274, and the unnamed Barge in tow were within the boundaries of this District at all material times.

11. Crosby uses the M/V Miss Crosby and M/V Crosby Hunter to tow barges on the inland waters of the United States, including the Gulf Intercoastal Waterway.

12. On September 29, 2020, the M/V Miss Crosby, assisted by the M/V Crosby Hunter, was traveling west bound on the Gulf Intracoastal Waterway with a two-barge flotilla.  As the M/V Miss Crosby, the M/V Crosby Hunter, Barge CBC1274, and the unnamed Barge approached the Calcasieu Lock at about 9:45 a.m., the pilots were unable to control the vessels and tow and struck the facility's southeast short wall dolphin.  The tow was then deflected into the northeast long timber guide wall.

13. The Calcasieu Lock's northeast long timber guide wall was damaged because of the allision with the M/V Miss Crosby, the M/V Crosby Hunter, Barge CBC1274, and the unnamed Barge.

**Count I - Claim Against Crosby Marine Transportation, LLC,
Crosby Tugs, L.L.C., the M/V Miss Crosby, the M/V Crosby Hunter, Barge CBC1274,
and an Unnamed Barge for Negligence Under the General Maritime Law**

14. The United States incorporates by reference Paragraphs 1 through 13 of this Complaint.

15. The allision and resulting damage to the Calcasieu Lock's northeast long timber guide wall were proximately caused by the negligence and other fault of Crosby and their employees, including, but not limited to, the crew of the M/V Miss Crosby and/or the M/V Crosby Hunter, and/or by the negligence and other fault of contractors and/or subsidiaries of one or more of Crosby, and/or by the unseaworthiness of the M/V Miss Crosby, the M/V Crosby Hunter, and/or the barges in tow, all of which were in the privity and knowledge of Crosby, and which negligence and other fault included, but was not limited to:

   A. The failure of the captains and crew of the M/V Miss Crosby and/or M/V Crosby Hunter to exercise reasonable care in the operation of the vessels;

   B. The failure of the captains and crew of the M/V Miss Crosby and/or M/V Crosby

Hunter to properly navigate and control the vessels;

    C.    The failure of the captains and crew of the M/V Miss Crosby and/or M/V Crosby Hunter to keep a proper lookout;

    D.    The failure of the captains and crew of the M/V Miss Crosby and/or M/V Crosby Hunter to maintain a safe distance from the Calcasieu Lock's guide walls and dolphins;

    E.    The failure of the captains and crew of the M/V Miss Crosby and/or M/V Crosby Hunter to safely navigate into the Calcasieu Lock;

    F.    The failure of the captains and crew of the M/V Miss Crosby and/or M/V Crosby Hunter to take the necessary evasive maneuvers to avoid allision with the Calcasieu Lock's northeast long timber guide wall;

    G.    Operating the M/V Miss Crosby and/or M/V Crosby Hunter in a negligent and/or unseaworthy manner;

    H.    Operating the M/V Miss Crosby and/or M/V Crosby Hunter without properly trained and competent crews;

    I.    Failing to ensure that the M/V Miss Crosby and/or M/V Crosby Hunter were in all respects fit and seaworthy for their intended purpose and use;

    J.    Failing to properly vet and investigate the fitness of the pilots; and

    K.    Other acts of negligence, fault, and/or unseaworthiness, to be established at the trial of this matter.

    16.    The cost of repairing the damage to the Calcasieu Lock's northeast long timber guide wall proximately caused by the negligence and other fault of Crosby, the M/V Miss Crosby, and/or the M/V Crosby Hunter, excluding interest and penalties, totals approximately $568,379.95.

**Count II – Claim Against Crosby Marine Transportation, LLC,
Crosby Tugs, L.L.C., the M/V Miss Crosby, the M/V Crosby Hunter, Barge CBC1274,
<u>and an Unnamed Barge for Strict Liability Under the Rivers and Harbors Act</u>**

17. The United States incorporates by reference Paragraphs 1 through 16 of this Complaint.

18. The Calcasieu Lock is a public work built and maintained for the preservation and improvement of the navigable waters of the United States within the meaning of the RHA, 33 U.S.C. § 408.

19. Crosby, as owner and operator of the M/V Miss Crosby and M/V Crosby Hunter, is a "person" within the meaning of the RHA, as amended, 33 U.S.C. § 408.

20. The Gulf Intercoastal Waterway in the vicinity of the Calcasieu Lock is a navigable water of the United States within the meaning of 33 U.S.C. § 408.

21. At all material times, the M/V Miss Crosby, the M/V Crosby Hunter, Barge CBC1274, and the unnamed Barge in tow were vessels "used and employed" within the meaning of 33 U.S.C. § 412.

22. Under the RHA, 33 U.S.C. §§ 408 and 412, Crosby Marine Transportation, LLC, Crosby Tugs, L.L.C., the M/V Miss Crosby, the M/V Crosby Hunter, Barge CBC1274, and the unnamed Barge in tow are strictly liable, and jointly and severally liable, to the United States for the full costs to repair the damage to the Calcasieu Lock's northeast timber guide wall proximately caused by the allision.

23. The cost of repairing the damage to the Calcasieu Lock's northeast long timber guide wall proximately caused by the allision, excluding interest and penalties, totals approximately $568,379.95.

WHEREFORE, the United States prays that a judgment be entered in its favor against Crosby Marine Transportation, LLC and Crosby Tugs, L.L.C., *in personam*, as well as the M/V Miss

Crosby, the M/V Crosby Hunter, Barge CBC1274, and an unnamed Barge in tow, *in rem*, jointly and severally, for the total amount of the United States' damages proximately caused by the allision, plus interest and costs, and for such other relief as the Court deems proper.

Dated: September 28, 2023

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General
        Civil Division

        BRANDON BONAPARTE BROWN
        United States Attorney

        /s/ *Kalynn E. Hughes*
        KALYNN E. HUGHES
        Trial Attorney
        United States Department of Justice Civil Division, Torts Branch
        Post Office Box 14271 Washington, DC 20044-4271
        Telephone: (202) 616-4060
        Facsimile: (202) 616-4002
        Email: kalynn.e.hughes@usdoj.gov

        *Attorneys for the United States*

## **VERIFICATION**

Based upon information officially furnished to me, I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on September 28, 2023.

/s/ *Kalynn E. Hughes*
KALYNN E. HUGHES
Trial Attorney
U.S. Department of Justice Torts
Branch, Civil Division